UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER RYAN MARTIN,<br><br>Petitioner,<br><br>v.<br><br>TOM LAWSON, *et al.*,<br><br>Respondents. | Case No.: 2:22-cv-00850-APG-VCF<br><br>**Order** |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Christopher Ryan Martin. Martin is represented by counsel. According to Martin's habeas petition, he was convicted upon a plea of guilty, on January 29, 2021, of driving under the influence (DUI), and he was sentenced to a maximum of 36 months in prison with a minimum parole eligibility of 12 months. Petition for Writ of Habeas Corpus (ECF No. 1), pp. 2–3.

I have examined Martin's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and I determine that it merits service upon the respondents. I will order the petition served upon the respondents, will direct the respondents to appear and respond to the petition, and will set a schedule for further proceedings.

**I THEREFORE ORDER** that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

**I FURTHER ORDERE** that Respondents will have 30 days from the date of this order to appear in this action, and 90 days from the date of this order to file an answer or otherwise respond to the petition for writ of habeas corpus (ECF No. 1).

**I FURTHER ORDER** that the following schedule will govern further proceedings in this case:

<u>Reply</u>. Petitioner will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

<u>Briefing of Motion to Dismiss</u>. If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

<u>Discovery</u>. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

<u>Evidentiary Hearing</u>. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from,

///

///

///

///

their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

Dated: June 6, 2022

_____
U.S. District Judge Andrew P. Gordon