UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER RYAN MARTIN,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>TOM LAWSON, *et al.*,<br><br>　　　　　　　Respondents. | Case No.: 2:22-cv-00850-APG-VCF<br><br>**Order Denying (1) Petition for Writ of Habeas Corpus, and (2) Motion to Strike**<br><br>**(ECF Nos. 1, 26)** |

　　　　This action is a petition for writ of habeas corpus by Christopher Ryan Martin, an individual who pleaded guilty to and was convicted of a felony third DUI in a Nevada court. Martin, who is represented by retained counsel, claims that his right to a jury trial under the Sixth and Fourteenth Amendments was violated because two prior misdemeanor DUI convictions, both based on pleas of nolo contendere, were obtained without the safeguard of trial by jury. Martin claims that the Nevada Court of Appeals' ruling—that his constitutional right to a jury trial was not violated and his conviction and sentence were affirmed—was contrary to precedent of the Supreme Court of the United States.  I deny Martin's petition because there is no clearly established federal law, as determined by the Supreme Court, holding that, to be used to enhance a sentence, prior convictions must have been in cases with the right to trial by jury.  And I deny Martin a certificate of appealability because there is no reasonable argument that there is any such clearly established federal law.

**I.    BACKGROUND**

　　　　In 2012, Martin pleaded nolo contendere and was convicted of his first DUI, a misdemeanor under Nev. Rev. Stat. § 484C.400(1)(a). *See* ECF No. 15-17, pp. 3–12.  In 2014, Martin pleaded nolo contendere and was convicted of a second DUI, another misdemeanor under Nev. Rev. Stat. § 484C.400(1)(b). *See id*. at 14–24.

In *Blanton v. City of North Las Vegas,* 489 U.S. 538 (1989), the Supreme Court of the United States held that that there is no Sixth Amendment right to a jury trial for defendants charged with misdemeanor DUI in Nevada. *See Blanton*, 489 U.S. at 543–45.  So, regarding Martin's first two DUIs, it is beyond dispute that he had no right to a jury trial and those convictions did not violate his federal constitutional right to trial by jury.

In 2018, Martin was again charged with DUI. *See* ECF No. 15-6.  As this was Martin's third DUI within seven years, it was charged as a felony under Nev. Rev. Stat. § 484C.400(1)(c), and his two prior convictions were listed in the Information. *Id*. at 3.  Martin pleaded guilty to this third DUI charge. *See* ECF Nos. 15-7, 15-8.  When he did so, he admitted to his two prior DUI convictions. *See* ECF No. 15-7, pp. 6, 8.  Additionally, the written guilty plea Martin signed stated: "I understand that by pleading guilty I admit the facts which support all the elements of the offense to which I now plead as set forth in Exhibit '1'." ECF No. 15-8, p. 2.  Exhibit 1 was the Information charging Martin with a felony third DUI, alleging that Martin previously committed the offense of DUI within the previous seven years, and listing his two prior DUIs. *Id*. at 13.

The parties agreed that Martin should be allowed to participate in a felony DUI program under Nev. Rev. Stat. § 484C.340. *Id*. at 5–8.  The court transferred Martin into that program and placed him on probation. *See* ECF No. 15-3, pp. 3–4.  The court imposed the condition that Martin have a "BIID (breath ignition interlock device) or CLUB" installed on any vehicle he owned, operated, or maintained at his residence. *Ibid*.  While on probation in 2020, Martin violated this probation condition by failing to maintain a BIID or CLUB on a vehicle. *See* ECF No. 19-1 (filed under seal).  Martin was terminated from the felony DUI program and his case was transferred back to the district court for sentencing. *See* ECF No. 15-3, pp. 13–16.

At sentencing, the prosecution filed certified copies of documents establishing Martin's two prior DUI convictions. ECF No. 15-17.  The court revoked Martin's probation and sentenced him to a maximum of 48 months in prison, with minimum parole eligibility of 12 months. *See* ECF Nos. 15-3 at 17; 15-18.

Martin appealed. ECF Nos. 15-28, 16-4. The Nevada Court of Appeals affirmed on September 13, 2021. ECF No. 16-22. The Nevada Court of Appeals denied Martin's motion for rehearing (ECF No. 16-24), the Supreme Court of Nevada denied Martin's petition for review (ECF No. 17-6), and the Supreme Court of the United States denied Martin's petition for certiorari (ECF No. 17-13).

Martin filed a petition for writ of habeas corpus in this court initiating this action. ECF No. 1. Martin asserts one claim: that the statute under which he was convicted of the felony third DUI, Nev. Rev. Stat. § 484C.400(1)(c), is unconstitutional on its face and as applied, and that his conviction and sentence violate his federal constitutional rights because his third DUI was enhanced from a misdemeanor to a felony "using prior convictions obtained without the safeguard of trial by jury guaranteed by the Sixth Amendment of the United States Constitution." *Id*. at 6.

The respondents filed an answer, Martin filed a reply, and the respondents filed a response to the reply. ECF Nos. 14, 22, 25. Martin then moved to strike the respondents' response to his reply. ECF No. 26.

## II.   DISCUSSION

### A.   Motion to Strike

In his motion to strike (ECF No. 26), Martin asks the court to strike the respondents' response because, in his view, the respondents misrepresented a quote from *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, Martin points out that the respondents removed text from the quote and used ellipses, presenting the quote as follows:

> The United States Supreme Court added, "recidivism 'does not relate to the commission of the offense' itself" and "there is a vast difference between accepting the validity of a prior judgment of conviction … and the right to require the prosecutor to prove guilt beyond a reasonable doubt . . . ." *Apprendi*, 530 U.S. at 496.

ECF No. 25, p. 5, lines 25–28. In fact, the entire quote, in context, is as follows:

> New Jersey's reliance on *Almendarez-Torres* is also unavailing. The reasons supporting an exception from the general rule for the statute construed in that case do not apply to the New Jersey statute. Whereas recidivism "does not relate to the commission of the offense" itself, 523 U.S., at 230, 244, 118 S.Ct. 1219, New Jersey's biased purpose inquiry goes precisely to what happened in the

> "commission of the offense." Moreover, there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

*Apprendi*, 530 U.S. at 496.

While I agree that the respondents' alteration of the quote changed its meaning, they used ellipses to indicate that text was removed. Furthermore, the omitted text had already been presented, repeatedly, in Martin's habeas petition (ECF No. 1, p. 10, lines 21–26, and p. 12, lines 11–15) and in his reply to the respondents' answer (ECF No. 22, p. 4, line 26 – p. 5, line 5, and p. 11, lines 5–12). Therefore, the respondents' presentation of the quote was not so misleading as to warrant striking the document from the record. I will deny the motion to strike.

### B.   The Merits of Martin's Claim

Martin claims that Nev. Rev. Stat. § 484C.400(1)(c) is unconstitutional on its face and as applied, and that his conviction and sentence violate his federal constitutional rights because he was convicted of a felony third DUI "using prior convictions obtained without the safeguard of trial by jury guaranteed by the Sixth Amendment of the United States Constitution." ECF No. 1, p. 6.

Martin asserted this claim in state court on his direct appeal (*see* ECF No. 16-4, pp. 23–30), and the Nevada Court of Appeals ruled on the claim as follows:

> … Martin argues NRS 484C.400(1)(c) is unconstitutional because it permits the State to enhance a DUI charge to a felony offense based upon prior misdemeanor DUI convictions that were not the result of a jury trial. We review the constitutionality of statutes de novo. *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). "Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional." *Tam v. Eighth Judicial Dist. Court*, 131 Nev. 792, 796, 358 P.3d 234, 237–38 (2015) (internal quotation marks omitted). "In order to meet that burden, the challenger must make a clear showing of invalidity." *Id*. at 796, 358 P.3d at 238 (internal quotation marks omitted).
>
> NRS 484C.400(1)(c) permits a current DUI to be charged as a felony offense based upon a defendant's prior misdemeanor DUI convictions. In this matter, Martin was charged pursuant to NRS 484C.400(1)(c) with felony DUI based upon his prior misdemeanor DUI convictions, and he pleaded guilty to committing felony DUI. Martin contends that only prior convictions obtained through a jury trial can be used to enhance a sentence. In support, Martin relies upon *Apprendi v. New Jersey*, 530 U.S, 466, 496 (2000), and *Jones v. United States*, 526 U.S. 227, 249 (1999). These cases are unequivocal: "*Other than the*

>  *fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added); *accord Jones*, 526 U.S. at 243 n.6.  Martin points to excerpts from these cases stating that prior convictions are established by jury trial. *See Apprendi*, 530 U.S. at 490; *Jones*, 526 U.S. at 249.  The portions of the cases from which the excerpts were taken merely explained one reason why recidivism is treated differently from all other considerations that could enlarge a sentence. *See Apprendi*, 530 U.S. at 496 (explaining primarily that recidivism "does not relate to the commission of the offense itself" (internal quotation marks omitted)); *Jones*, 526 U.S. at 249 (describing due process protections that include the right to a jury trial as "one basis" to justify the distinction).  Martin thus has not demonstrated that only prior convictions that were subject to a jury trial may be considered when enhancing a sentence due to recidivism and, in turn, that NRS 484C.400(1)(c) is facially unconstitutional. [Footnote: Martin also refers several times to *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he does not offer any citations to the case that support what he claims the case stands for.  Rather, like the petitioner in *Almendarez-Torres*, Martin admitted his recidivism at the time he pleaded guilty.  For these reasons, Martin fails to demonstrate that *Almendarez-Torres* supports his claim.]  Therefore, we conclude Martin is not entitled to relief on this claim….

ECF No. 16-22, pp. 3–4 (emphasis in original).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)) sets forth the standard of review applicable to a claim previously asserted and resolved on its merits in state court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d)(1), "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06

(2000)). A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d)(1), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The analysis under section 2254(d) looks to the law that was clearly established by precedent of the Supreme Court of the United States at the time of the state court's decision. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

Martin claims that the Nevada Court of Appeals' decision in his case was contrary to clearly established federal law, specifically the holdings of *Apprendi v. New Jersey*, 530 U.S, 466 (2000), *Jones v. United States*, 526 U.S. 227 (1999), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See* ECF No. 1, pp. 2–4, 8–11, 13–14. The crux of this case, therefore, is whether *Apprendi*, *Jones*, and *Almendarez-Torres* clearly establish that the use of prior convictions for enhancement must, under the federal constitution, be limited to prior convictions obtained in proceedings with the safeguard of a jury trial.

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the defendant pleaded guilty to and was convicted of reentering the United States after having been previously deported following his conviction for aggravated felonies. *Almendarez-Torres*, 523 U.S. at 227. The Supreme Court affirmed. The Court rejected the defendant's argument that, because the indictment did not allege his aggravated felony convictions, he could not be sentenced for illegal reentry following deportation after conviction of aggravated felonies. The Court held that the fact of a prior conviction was not an element of the crime that had to be pleaded in the charging document, but was rather a sentencing factor. *Id.* at 247. The Court emphasized the tradition of treating recidivism as a sentencing factor, not an element of the crime. *Id.* at 230 ("That subject matter—prior commission of a serious crime—is as typical a sentencing factor as one might imagine."); *id*. at 243 ("[T]he sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.").

In *Jones v. United States*, 526 U.S. 227 (1999), the defendant was charged with carjacking in violation of 18 U.S.C. § 2119, which at the time provided that a person possessing a firearm who

> takes a motor vehicle ... from the person or presence of another by force and violence or by intimidation ... shall … (1) be ... imprisoned not more than 15 years ..., (2) if serious bodily injury ... results, be ... imprisoned not more than 25 years ..., and (3) if death results, be ... imprisoned for any number of years up to life ....

The indictment made no reference to the numbered subsections of § 2119 and charged none of the facts that could lead to a greater penalty under subsection (2) or (3). *Jones*, 526 U.S. at 230–31. At arraignment, the magistrate judge told the defendant that he faced a maximum sentence of 15 years for carjacking. *Ibid.* The jury instructions at trial defined the offense by reference only to § 2119(1), with no mention of serious bodily injury. *Id*. at 231. The jury found the defendant guilty. The presentence report recommended that the defendant be sentenced to 25 years for the carjacking because one of the victims suffered serious bodily injury. *Ibid.* The district court rejected the defendant's objection that serious bodily injury was an element of the offense that had not been pleaded in the indictment or proven to the jury. *Ibid.* The court sentenced the defendant to 25 years, finding that there was serious bodily injury. *Ibid.* The Ninth Circuit Court of Appeals, agreeing with the Eleventh Circuit Court of Appeals (*see United States v. Williams*, 51 F.3d 1004, 1009–10 (1995)), affirmed, ruling that § 2119(2) set forth a sentencing factor, not an element of the crime that had to be found by a jury. *Id*. at 231–32.

The Supreme Court reversed, holding that § 2119 established three separate offenses, each with separate elements that had to be charged and proven beyond a reasonable doubt to a jury. *Id.* at 232–52. The Court distinguished its holding in *Almendarez-Torres*:

> *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), decided last Term, stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged. But the case is not dispositive of the question here, not merely because we are concerned with the Sixth Amendment right to jury trial and not alone the rights to indictment and notice as claimed by *Almendarez–Torres*, but because the holding last Term rested in substantial part on the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment. The Court's repeated emphasis on the distinctive significance of recidivism leaves

> no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing. *See id.*, at 230, 118 S.Ct. 1219 ("At the outset, we note that the relevant statutory subject matter is recidivism"); *ibid.* ("With recidivism as the subject matter in mind, we turn to the statute's language"); *id.*, at 243, 118 S.Ct. 1219 ("First, the sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence"); *id.*, at 245, 118 S.Ct. 1219 (distinguishing [*McMillan v. Pennsylvania*, 477 U.S. 79 (1986)] "in light of the particular sentencing factor at issue in this case—recidivism"). One basis for that possible constitutional distinctiveness is not hard to see: unlike virtually any other consideration used to enlarge the possible penalty for an offense, and certainly unlike the factor before us in this case, a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees. *Almendarez–Torres* cannot, then, be read to resolve the due process and Sixth Amendment questions implicated by reading the carjacking statute as the Government urges.

*Jones*, 526 U.S. at 248–49 (footnote omitted).[1]

The *Jones* Court drew a distinction between sentence enhancement for causation of serious bodily injury, which the Court held to be an element that had to be proven to a jury, and sentence enhancement based on the fact of prior convictions, which the Court held to be a sentencing factor that could be found by the sentencer, and the Court explained that "[o]ne basis *for that possible constitutional distinctiveness*" is that "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." *Jones*, 526 U.S. at 249 (emphasis added). That comment was in the context of the Court's discussion of *Almendarez–Torres*, in which the defendant's recidivism consisted of prior felony convictions, on which the defendant did happen to have the constitutional right to trial by jury. The *Jones* Court did not say that the use of prior convictions for enhancement must, under the federal constitution, be limited to prior convictions obtained in proceedings with the safeguard of trial by jury.

---

[1] *See also Jones*, 526 U.S. at 235 ("[In *Almendarez-Torres*] we stressed the history of treating recidivism as a sentencing factor, and noted that, with perhaps one exception, Congress had never clearly made prior conviction an offense element where the offense conduct, in the absence of recidivism, was independently unlawful. 523 U.S., at 230, 118 S.Ct. 1219. Here, on the contrary, the search for comparable examples more readily suggests that Congress had separate and aggravated offenses in mind when it employed the scheme of numbered subsections in § 2119.").

8

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the defendant was charged under New Jersey law with several crimes, including possession of a firearm for an unlawful purpose. The charging document did not refer to New Jersey's hate crime statue, which provided for an enhanced sentence if the trial judge found by a preponderance of the evidence that the defendant committed the crime with a purpose to intimidate a person or group because of race and did not allege that the defendant acted with a racially biased purpose. *Apprendi*, 530 U.S. at 469. After the defendant entered into a plea agreement and pleaded guilty to the gun charge, the prosecution sought enhancement of the sentence based on the hate crime statute. *Id.* at 470. The judge found by a preponderance of the evidence that the shooting was racially motivated and sentenced the defendant to an enhanced penalty under the hate crime statute. *Id.* at 471. The state appeals court and state supreme court affirmed, rejecting the defendant's argument that the federal constitution required that the bias necessary for enhancement of the penalty be proven to a jury beyond a reasonable doubt. *Id.* at 471–72. The Supreme Court of the United States reversed, reaffirming its holding in *Jones* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," and extending that rule to state criminal proceedings. *Id.* at 474, 490.

The *Apprendi* Court, like the *Jones* Court, left in place the exception for recidivism found in *Almendarez-Torres*:

> New Jersey's reliance on *Almendarez-Torres* is also unavailing. The reasons supporting an exception from the general rule for the statute construed in that case do not apply to the New Jersey statute. Whereas recidivism "does not relate to the commission of the offense" itself, 523 U.S., at 230, 244, 118 S.Ct. 1219, New Jersey's biased purpose inquiry goes precisely to what happened in the "commission of the offense." Moreover, there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

*Apprendi*, 530 U.S. at 496. But here again, the Court's mention of the right to a jury trial on prior convictions was in the context of discussion of *Almendarez-Torres*, in which the prior convictions were felonies on which the defendant had a right to a jury trial. The *Apprendi* Court,

9

like the *Jones* Court, did not hold that the use of prior convictions for enhancement must be limited to prior convictions obtained in proceedings with the safeguard of trial by jury. *See also Shepard v. United States*, 544 U.S. 13, 38 (2005) (O'Connor, J., dissenting) (characterizing *Almendarez-Torres* in a manner similar to the Court in *Jones* and *Apprendi*).

Martin also cites *United States v. Tighe,* 266 F.3d 1187 (9th Cir. 2001). In that case—a federal criminal case—the Ninth Circuit Court of Appeals addressed the question "[whether] prior juvenile adjudications, which do not afford the right to a jury trial, fall within the 'prior conviction' exception to *Apprendi*'s general rule that a fact used to increase a defendant's maximum penalty must be submitted to a jury and proved beyond a reasonable doubt?" *Tighe*, 266 F.3d at 1193. Holding that they do not, the court stated:

> [A]s we read *Jones* and *Apprendi*, the "prior conviction" exception to *Apprendi*'s general rule must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt. Juvenile adjudications that do not afford the right to a jury trial and a beyond-a-reasonable-doubt burden of proof, therefore, do not fall within *Apprendi*'s "prior conviction" exception.
>
> \* \* \*
>
> In sum, we conclude *Apprendi*'s narrow "prior conviction" exception is limited to prior convictions resulting from proceedings that afforded the procedural necessities of a jury trial and proof beyond a reasonable doubt. Thus, the "prior conviction" exception does not include nonjury juvenile adjudications.

*Id*. at 1194–95. So *Tigue* does appear to support Martin's position, although it is clearly different in that it concerns prior juvenile adjudications rather than prior adult misdemeanor convictions based on pleas of nolo contendere. However, *Tigue* is a decision of the Ninth Circuit Court of Appeals, not the Supreme Court of the United States, and therefore, because the AEDPA standard codified in 28 U.S.C. § 2254(d) applies in this habeas corpus case, *Tighe* is not controlling. The Ninth Circuit's subsequent ruling in *Boyd v. Newland*, 467 F.3d 1139 (9th Cir. 2006), *cert. denied*, 550 U.S. 933 (2007), a habeas corpus case, is instructive. In *Boyd*, the Ninth Circuit held that the state court's use of the petitioner's prior nonjury juvenile adjudication to enhance his sentence was not contrary to, or an unreasonable application of, clearly established federal law, within the meaning of 28 U.S.C. § 2254(d):

> Although we are not suggesting that *Tighe* was incorrectly decided, as some of these varying interpretations of *Apprendi* suggest, the opinion does not represent clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In general, Ninth Circuit precedent remains persuasive authority in determining what is clearly established federal law. *See Duhaime v. Ducharme*, 200 F.3d 597, 600–01 (9th Cir. 1999) (stating that Ninth Circuit case law may be used to help determine clearly established federal law). But, in the face of authority that is directly contrary to *Tighe*, and in the absence of explicit direction from the Supreme Court, we cannot hold that the California courts' use of Petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent.

*Boyd*, 467 F.3d at 1152. The Ninth Circuit ruled in the same manner in 2011 in *John-Charles v. California*, 646 F.3d 1243 (9th Cir. 2011), *cert. denied*, 565 U.S. 1097 (2011), another habeas case. *See John-Charles*, 646 F.3d at 1252–53 ("we are bound by *Boyd*, and we therefore conclude that the California court neither contravened nor unreasonably applied clearly established Supreme Court precedent when it upheld the trial court's use of John–Charles's juvenile conviction as a strike that extended his term of imprisonment").[2] *Boyd* and the Ninth Circuit cases following it are persuasive authority that, in *Apprendi*, *Jones*, and *Almendarez-Torres*, the Supreme Court did not clearly establish that the Sixth and Fourteenth Amendments preclude use of prior nonjury convictions to enhance a sentence, as Martin appears to contend.

In 1989, in a footnote in *Blanton* (the case in which the Supreme Court of the United States held there is no constitutional right to a jury trial in a Nevada first-DUI prosecution), the Court explicitly reserved judgment on the issue raised by Martin in this case:

> In light of petitioners' status as first-time offenders, we do not consider whether a repeat offender facing enhanced penalties may state a constitutional claim because of the absence of a jury trial in a prior DUI prosecution.

---

[2] *See also Johnson v. Montgomery*, 899 F.3d 1052, 1059 (9th Cir. 2018) ("But our interpretation of *Apprendi* [in *Tighe*] 'does not represent clearly established federal law "as determined by the Supreme Court of the United States,"' as required to overturn a state court decision regarding a federal claim under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)."); *Barno v. Neotti*, 569 Fed. App'x 543, 544 (9th Cir.), *cert. denied*, 574 U.S. 867 (2014) ("it is not clearly established that the Sixth Amendment prohibits a sentencing court from using a defendant's prior juvenile adjudication to enhance his sentence beyond the statutory maximum"); *Solorzano v. Yates*, 264 Fed. App'x 576, 577 (9th Cir. 2008) ("the use of Solorzano's prior non-jury juvenile adjudications to enhance his sentence was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States").

11

*Blanton*, 489 U.S. at 545 n.12. Martin has not shown that the Supreme Court has since resolved that question, and the Supreme Court did not do so in *Almendarez-Torres*, *Jones*, or *Apprendi*. Therefore, Martin has not shown that the Nevada Court of Appeals' ruling in his case was contrary to clearly established federal law as determined by the Supreme Court of the United States. Applying the AEDPA standard, I deny Martin's habeas petition.

### C. Certificate of Appealability

The issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).

A certificate of appealability is unwarranted here. Examining the Supreme Court's holdings in *Apprendi*, *Jones*, and *Almendarez-Torres*, and taking into consideration the Ninth Circuit's rulings in *Boyd* and *Boyd*'s progeny, reasonable jurists would not find debatable my conclusion that there is no clearly established federal law requiring that the use of prior convictions for enhancement must, under the federal constitution, be limited to prior convictions obtained in proceedings with the safeguard of trial by jury. I will, therefore, deny Martin a certificate of appealability.

### III. CONCLUSION

**I THEREFORE ORDER** that the Petitioner's Motion to Strike **(ECF No. 26) is DENIED**.

**I FURTHER ORDER** that the Petition for Writ of Habeas Corpus **(ECF No. 1) is DENIED**.

**I FURTHER ORDER** the Clerk of the Court to enter judgment accordingly and close this case.

/ / / /

/ / / /

**I FURTHER ORDER** that Petitioner is denied a certificate of appealability.

Dated: May 4, 2023.

_____
U.S. District Judge Andrew P. Gordon